United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Thomas Harvey Saylor
Sharon Lynn Saylor
    Debtors

Case No. 14-12867-ref
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-4    User: admin    Page 1 of 2    Date Rcvd: Jun 01, 2018
Form ID: 3180W    Total Noticed: 21

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 03, 2018.
```
db/jdb        +Thomas Harvey Saylor,    Sharon Lynn Saylor,    3032 Arcadia Avenue,    Allentown, PA 18103-6538
smg           +Bureau of Audit and Enforcement,    City of Allentown,    435 Hamilton Street,
                Allentown, PA 18101-1603
smg            City Treasurer,    Eighth and Washington Streets,    Reading, PA  19601
smg           +Dun & Bradstreet, INC,    3501 Corporate Pkwy,    P.O. Box 520,    Centre Valley, PA 18034-0520
smg           +Lehigh County Tax Claim Bureau,    17 South Seventh Street,    Allentown, PA 18101-2401
smg           +Tax Claim Bureau,    633 Court Street,    Second Floor,    Reading, PA 19601-4300
13322509      +ALTAIR OH XIII, LLC,    C O WEINSTEIN, PINSON, AND RILEY, PS,    2001 WESTERN AVENUE, STE 400,
                SEATTLE, WA 98121-3132
13346312      +CERASTES, LLC,    C O WEINSTEIN, PINSON, AND RILEY, PS,    2001 WESTERN AVENUE, STE 400,
                SEATTLE, WA 98121-3132
13299838      +PNC MORTGAGE,    3232 NEWMARK DRIVE,    MIAMISBURG, OH 45342-5433
13531914      +Specialized Loan Servicing LLC,    8742 Lucent Blvd Suite 300,    Highlands Ranch, CO 80129-2386
13368321      +Thomas L. Lightner, Esq.,    Lightner Law Offices, P.C.,    4652 Hamilton Blvd.,
                Allentown, PA 18103-6021
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg            E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jun 02 2018 03:01:58
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jun 02 2018 03:02:47      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13301213       EDI: HNDA.COM Jun 02 2018 06:48:00      American Honda Finance Corporation,
                 National Bankruptcy Center,    P.O. Box 168088,    Irving, TX 75016-8088,    866-716-6441
13386102       EDI: RESURGENT.COM Jun 02 2018 06:48:00      LVNV Funding, LLC its successors and assigns as,
                 assignee of FNBM, LLC,    Resurgent Capital Services,    PO Box 10587,
                 Greenville, SC 29603-0587
13385909       EDI: MERRICKBANK.COM Jun 02 2018 06:48:00      MERRICK BANK,    Resurgent Capital Services,
                 PO Box 10368,    Greenville, SC 29603-0368
13357423       EDI: PRA.COM Jun 02 2018 06:48:00      Portfolio Recovery Associates, LLC,    POB 41067,
                 Norfolk VA 23541
13326750       EDI: Q3G.COM Jun 02 2018 06:48:00      Quantum3 Group LLC as agent for,    Comenity Bank,
                 PO Box 788,    Kirkland, WA  98083-0788
13328242       EDI: Q3G.COM Jun 02 2018 06:48:00      Quantum3 Group LLC as agent for,    Comenity Capital Bank,
                 PO Box 788,    Kirkland, WA  98083-0788
13336593      +EDI: CBS7AVE Jun 02 2018 06:48:00      Seventh Avenue,    c/o Creditors Bankruptcy Service,
                 P O Box 740933,    Dallas, TX 75374-0933
13325220       EDI: STFM.COM Jun 02 2018 06:48:00      State Farm Bank, FSB,    Attn: Bankruptcy Dept.,
                 PO Box 2328,    Bloomington, IL 61702-2328
                                                                                              TOTAL: 10
```

    ***** BYPASSED RECIPIENTS *****
NONE.    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 03, 2018                         Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 31, 2018 at the address(es) listed below:
```
              BRIAN CRAIG NICHOLAS    on behalf of Creditor    PNC Mortgage, A Division of PNC Bank, NA as
               servicer for Ginnie Mae bnicholas@kmllawgroup.com,    bkgroup@kmllawgroup.com
              FREDERICK L. REIGLE    ecfmail@fredreiglech13.com,    ecf_frpa@trustee13.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    PNC Mortgage, A Division of PNC Bank, NA as
               servicer for Ginnie Mae bkgroup@kmllawgroup.com,    bkgroup@kmllawgroup.com
```

```
District/off: 0313-4           User: admin              Page 2 of 2                   Date Rcvd: Jun 01, 2018
                               Form ID: 3180W           Total Noticed: 21
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
        LESLIE J. RASE    on behalf of Creditor    E*TRADE BANK pabk@logs.com, lerase@logs.com
        LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
        THOMAS I. PULEO    on behalf of Creditor    PNC Mortgage, A Division of PNC Bank, NA as servicer for Ginnie Mae tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
        THOMAS L. LIGHTNER    on behalf of Debtor Thomas Harvey Saylor tlightner@lightnerlaw.com, sbennett@lightnerlaw.com;lightnertr50447@notify.bestcase.com
        THOMAS L. LIGHTNER    on behalf of Joint Debtor Sharon Lynn Saylor tlightner@lightnerlaw.com, sbennett@lightnerlaw.com;lightnertr50447@notify.bestcase.com
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov

        TOTAL: 9

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Thomas Harvey Saylor** | Social Security number or ITIN  **xxx–xx–8746** |
|  | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Sharon Lynn Saylor** | Social Security number or ITIN  **xxx–xx–0668** |
|  | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **14–12867–ref** | |

# Order of Discharge                                                                                                         12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Thomas Harvey Saylor                              Sharon Lynn Saylor
aka Thomas H. Saylor                              aka Sharon L. Saylor

5/31/18                                                         **By the court:**    Richard E. Fehling
                                                                                      United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**